```
                    IN THE UNITED STATES COURT OF APPEALS
                           FOR THE FIFTH CIRCUIT


                           _____

                                 No. 00-50662
                              Conference Calendar
                           _____


CHARLES T. HOOG,

                                             Plaintiff-Appellant,

versus

FRIO COUNTY, In Its Municipal Capacity; FRIO COUNTY SHERIFF'S
DEPARTMENT, In Its Municipal Capacity; MEDINA COUNTY, In Its
Municipal Capacity; MEDINA COUNTY SHERIFF'S DEPARTMENT, In Its
Municipal Capacity; DONNY R WHITAKER, In His Official and
Individual Capacity; RANDY BROWN, MR., In His Official and
Individual Capacity; WESLEY SCOTT, In His Official and Individual
Capacity; STEPHEN YARBROUGH, DVM, In His Official and Individual
Capacities; JAMES SINDON, In His Official and Individual
Capacities; SHANNA JO STRONG, In Her Official and Individual
Capacities; CARLOS GARCIA, In His Official and Individual
Capacities; CARL BURRS, In His Official and Individual
Capacities; J. R. GULLEY, JR., In His Official and Individual
Capacities; JERRY REYENA, In His Official and Individual
Capacities; JOHN WALDRUM, In His Official and Individual
Capacities; CLARK SAKLER, In His Official and Individual
Capacities; PHILLIP WILLIAMS, In His Official and Individual
Capacities; KEYSTONE FEED YARD, In Its Corporate Capacity; MARVIN
E. RHODE, SR., In His Official and Individual Capacities; JAMES
W. SMITH, In His Official and Individual Capacities; ROBERT
MCGOWEN, In His Corporate and Individual Capacity; MCGOWEN LAW
OFFICES, INC., In Its Corporate Capacity; ROBERT L. BARROWS, In
His Corporate and Individual Capacities; LELAUREN & ADAMS, PC, In
Its Corporate Capacity; JAMES BIAS, In His Corporate and
Individual Capacities; HUMANE SOCIETY OF BEXAR COUNTY -SPCA, In
Its Corporate Capacity; FOX CHANNEL 29, In Its Corporate
Capacity; SAN ANTONIO EXPRESS NEWS, In Its Corporate Capacity;
CASTROVILLE-LA COSTE NEW BULLETIN, In Its Corporate Capacity;
MEDINA VALLEY TIMES, In Its Corporate Capacity; KATHLEEN BACHUS,
In her Corporate and Individual Capacities; THOMAS CARLUCCI, In
His Corporate and Individual Capacities; LISA SANDBERG, In Her
Corporate and Individual Capacities; MARC ROBERTSON, In His
Corporate and Individual Capacities; MANUEL AZOCAR, III, In His
Corporate and Individual Capacities; EDWARD A. ORNELAS, In His
Corporate and Individual Capacities; JERRY LARA, In His Corporate
and Individual Capacities; CASTROVILLE STATE BANK, In His
Corporate Capacity; JAMES TONDRE, In His Corporate and Individual
Capacities; FRANK MOFFETT, DVM, In His Corporate and Individual
Capacities; ROY TREVINO, In His Corporate and Individual
```

Capacities; JAY BARNUM, In His Corporate and Individual Capacities; MARJORIE KRAUSE, In Her Official and Individual Capacities; BEA BELOHLAVEK, In Her Official and Individual Capacities; DALLAS MORNING NEWS, INC., LP, In its Corporate Capacity; WILLIAM BLAGG, U.S. Attorney, In His Official Federal and Individual Capacities; MIKE BRADFORD, In His Official Federal and Individual Capacities; ANDREA PARKER, In Her Official Federal and Individual Capacities; ORLANDO L. GARCIA, Judge, In His Official and Individual Capacities; JOHN W. PRIMOMO, U.S. Magistrate Judge, In His Official and Individual Capacity; PAM MCGRAW, In Her Corporate and Individual Capacities; WILLIAM RHEA, In His Corporate and Individual Capacities; RICHARD SCHELL, In His Official and Individual Capacities; PAUL BROWN, In His Official and Individual Capacities; DAVID FOLSOM, In His Official and Individual Capacities; CAROLINE MALONE, In Her Official and Individual Capacities; DAVID MALAND, In His Official and Individual Capacities; JAMES WOODS, JR, In His Official and Individual Capacities; WILLIAM G. PUTNICKI, Clerk, In His Official and Individual Capacities; SANDRA SOUTHERLAND, In Her Official and Individual Capacities; TULL; A. H. BELLO CORPORATION, In Its Corporate Capacity; JENKENS & GILCHRIST, A PROFESSIONAL CORPORATION, In Its Corporate Capacity; KURT HOWARD KUHN, In His Official and Individual Capacities; FRIO-NUECES CURRENT, In Its Corporate Capacity; KMOL-TV, CHANNEL 4, In its Corporate Capacity; KENS-TV CHANNEL 5, In Its Corporate Capacity; KSAT-TV, CHANNEL 12, In Its Corporate Capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-640
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Charles T. Hoog appeals from the dismissal of his complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, as well as various constitutional and state law claims. We review a

-------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal for failure to state a claim <u>de</u> <u>novo</u>. <u>See</u> <u>Cinel v. Connick</u>, 15 F.3d 1338, 1341 (5th Cir. 1994). We conclude that the district court did not err.

Although this court liberally construes <u>pro</u> <u>se</u> briefs; <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); this court requires arguments to be briefed in order to be preserved. <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. <u>Id.</u> at 224-25. Hoog's brief merely repeats verbatim nearly his entire complaint. We conclude that Hoog has failed to adequately brief the majority of his claims, and we consider only his RICO claim. We conclude, however, that Hoog's complaint fails to sufficiently allege a pattern of racketeering activity connected to the acquisition, establishment, conduct, or control of an enterprise. <u>See</u> <u>Word of Faith World Outreach Center Church, Inc. v. Sawyer</u>, 90 F.3d 118, 122 (5th Cir. 1996); <u>Manax v. McNamara</u>, 842 F.2d 808, 811 (5th Cir. 1988).

We also conclude that Hoog's argument that the district judge should have been disqualified because of personal bias is without merit. <u>See</u> <u>Matassarin v. Lynch</u>, 174 F.3d 549, 571 (5th Cir. 1999), <u>cert.</u> <u>denied</u>, 528 U.S. 1116 (2000). Finally, the motion of appellee KMOL-TV for leave to file an out of time brief is GRANTED.

The instant appeal is entirely without merit and is therefore frivolous. As such, it is dismissed. 5th Cir. R. 42.2.

DISMISSED.